## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

IN RE: M.M.

No. 22-ICA-191      (Cir. Ct. Harrison Cnty. No. 22-AF-1-2)

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Christopher M. appeals the Circuit Court of Harrison County's October 12, 2022, "Order Holding Respondent in Contempt for Failure to Comply with Order Following Review Hearing and Referring Certain Matters to the Prosecuting Attorney."[1] In that order, the circuit court found Christopher M. in contempt for failing to return assets he was previously ordered to return, imposed a $328,078.61 civil contempt sanction against Christopher M., and referred a request for criminal contempt to the prosecuting attorney's office. Respondents Beverly T. and Sharon G. (the "Aunts") filed a response in support of the circuit court's order. The Guardian Ad Litem also filed a response in support of the circuit court's order.[2] Christopher M. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 17, 2022, the Aunts filed a financial exploitation petition on behalf of M.M., their mother, against Christopher M., the Aunts' nephew and the grandson of M.M. The petition alleged that Christopher M. changed the locks on M.M.'s home, stole approximately $100,000.00 in cash, as well as gold coins, gold bars, Krugerrands, a bucket of silver coins, uncashed checks, blank checks, and other valuables, and used M.M.'s bank account to electronically pay his electric bill. The petition further alleged that Christopher

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Christopher M. was represented by Gregory H. Schillace, Esq. when he filed his notice of appeal, brief, and appendix but has been proceeding self-represented since February 17, 2023. The Aunts are represented by Richard R. Marsh, Esq. The Guardian Ad Litem is Ty Talbert, Esq.

1

M. was vandalizing M.M.'s property and stealing natural resources.[3] The magistrate court held a hearing on the petition the same day it was filed and granted the same at the end of the hearing. The matter was then transferred to circuit court.

On March 15, 2022, the circuit court held a hearing on the petition. Following the hearing, on April 12, 2022, the circuit court entered an order ("Final Order") granting a permanent protective order in favor of M.M. against Christopher M. In the Final Order, the circuit court found that Christopher M. had removed at least $86,000.00 in cash, a 5-gallon bucket with assorted silver coins, gold bullion, gold Krugerrands, silver, and items of personal property belonging to M.M. The circuit court ordered Christopher M. to return all items removed from M.M.'s home forthwith and prohibited Christopher M. from coming within 500 feet of M.M.'s home. The Final Order is currently on appeal before the Supreme Court of Appeals of West Virginia.

On May 17, 2022, Christopher M. moved the circuit court to stay execution of the Final Order.

On May 20, 2022, the Aunts filed their petition to hold Christopher M. in civil contempt of the Final Order for failing to return any of the items removed from the home of M.M. and criminal contempt for repeatedly coming within 500 feet of M.M.'s home.

On June 3, 2022, the circuit court denied the motion for stay of execution of the Final Order.

On June 6, 2022, the circuit court issued a rule to show cause and set the contempt matter for a hearing on June 24, 2022. Eventually, the circuit court continued the hearing to September 8, 2022, and ordered the Aunts to file an amended petition for contempt, which was filed on July 1, 2022.

Following the September 8, 2022, hearing, the circuit court entered its October 12, 2022, "Order Holding Respondent in Contempt for Failure to Comply with Order Following Review Hearing and Referring Certain Matters to the Prosecuting Attorney." In that order, the circuit court noted that although the Final Order was on appeal to the Supreme Court of Appeals of West Virginia, because the circuit court denied the motion to stay and no motion for stay had been filed with the Supreme Court, the Final Order was in effect and the petition for contempt could proceed.[4] After reviewing the evidence

---

[3] It appears that the reference to natural resources concerned Christopher M. cutting down trees on M.M.'s property.

[4] At the time of the circuit court's October 12, 2022, order, no motion for stay of the Final Order had been filed with the Supreme Court. However, it appears that on August 3, 2023, Christopher M. filed a motion for stay of the Final Order with the Supreme Court.

regarding the quantity of precious metals owned by M.M. and their values, the circuit court concluded that M.M.'s home contained at least $207,612.60 in gold, $96,346.41 in silver, and $15,519.60 in platinum. Further, the circuit court concluded that although Christopher M. denied removing the items from the home of M.M., such an assertion was not credible in light of the photographs of him removing items from the home. The circuit court concluded that Christopher M. intentionally violated the Final Order by failing to return any of the items removed from M.M.'s home as ordered. The circuit court awarded a judgment in the amount of $328,078.61 as a civil contempt sanction against Christopher M. in favor of the Aunts, on behalf of M.M. The circuit court referred the request for criminal contempt to the prosecuting attorney's office. It is from this order that Christopher M. appeals.

Our standard of review is as follows:

> In reviewing the findings of fact and conclusions of law of a circuit court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

*Carter v. Carter*, 196 W. Va. 239, 241, 470 S.E.2d 193, 195 (1996).

On appeal, Christopher M. asserts two assignments of error. First, Christopher M. asserts that the circuit court erred by holding him in contempt for failing to return items that were never in his possession. Second, Christopher M. asserts that West Virginia Code § 55-7J-1 (2021), which establishes a cause of action for financial exploitation of an elderly person, protected person, or incapacitated adult, is unconstitutional because it deprives persons like Christopher M. of their right to a jury trial.

In regard to Christopher M.'s first assignment of error, "[a] party may not ordinarily be held in contempt for failure to perform an act that the party is unable to legally perform, if the evidence establishes that the party's inability to legally perform the act is not the party's fault." Syl. Pt. 2, *Watson v. Sunset Addition Prop. Owners Ass'n, Inc.*, 222 W. Va. 233, 234, 664 S.E.2d 118, 119 (2008). However, the burden is on the alleged contemnor to prove their inability to comply with the order. *See id.* at 235, 664 S.E.2d at 120; *State ex rel. Zirkle v. Fox*, 203 W.Va. 668, 672, 510 S.E.2d 502, 506 (1998). In addition, on appeal, Christopher M. has the duty to support his arguments with "appropriate and specific

The Supreme Court affirmed the Final Order and denied the motion for stay as moot. *In re M.M.*, No. 22-0357, 2023 WL 6012554, at *1 n.3 (W. Va. Sept. 15, 2023) (memorandum decision).

citations to the record . . ." W. Va. R. App. P. 10(c)(7). Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Here, Christopher M. did not include a transcript of the September 8, 2022, contempt hearing in the record and he did not testify at the March 15, 2022, hearing which led to the final order. Therefore, there is no evidence in the record to support Christopher M.'s claim that it would be legally impossible for him to comply with the circuit court's Final Order. Further, "[c]redibility determinations are properly made by the trier of fact . . .who has had the opportunity to observe, first hand, the demeanor of the witness. *Miller v. Chenoweth*, 229 W. Va. 114, 121, 727 S.E.2d 658, 665 (2012). "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). The circuit court's order demonstrates that it considered Christopher M.'s argument that the items were not in his possession. Ultimately, the circuit court found Christopher M.'s claim to be unconvincing in light of the other evidence presented, including photographs of Christopher M. removing items from M.M.'s home. Given the deference afforded to a trial court's credibility determinations and Christopher M.'s failure to appropriately cite to any evidence in the record that would undermine the circuit court's determination, this Court declines to disturb such determination on appeal. Accordingly, Christopher M.'s first assignment of error is without merit.

In regard to Christopher M.'s second assignment of error, the issue before this Court is not whether Christopher M. should be entitled to a jury trial in a financial exploitation proceeding, but whether he should be entitled to a jury trial in a civil contempt proceeding. "In any contempt case where the sanction imposed is . . . the payment of compensation or damages to the party aggrieved, the contemner is not entitled to a jury trial." Syl. Pt. 3, *Rector v. Ross*, 245 W. Va. 352, 859 S.E.2d 295 (2021). Here, the circuit court imposed a contempt sanction as compensation to the Aunts, on behalf of M.M., for Christopher M.'s failure to return M.M.'s property. Therefore, Christopher M. was not entitled to a jury trial in the contempt proceeding. Accordingly, this assignment of error is without merit.

For the foregoing reasons, we affirm the circuit court's October 12, 2022, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4